**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| QUAVON HOLLY, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN CHARLES ELLIS, <br><br> Defendant. | Civil Action No. 14-1279 (JAP) <br><br><br> **MEMORANDUM OPINION** |

**APPEARANCES**:

    Quavon Ellis
    00272249
    Passaic County Jail
    11 Marshall Street
    Paterson, NJ 07501
    Plaintiff Pro Se

**PISANO, District Judge**:

1. This matter is before the Court on Plaintiff's filing of a complaint pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed without payment will be granted. As set forth below, the Complaint will be dismissed.

2. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. Plaintiff names only Warden Charles Ellis as a defendant; no specific facts are alleged against the warden in Plaintiff's Statement of Claims. Plaintiff alleges that on November 6, 2012 he was attacked by a fellow inmate. He states that Correctional Officer Shabazz was on duty and did not take action sufficient to protect Plaintiff from injury at the

2

hands of the inmate.

3. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity. The Court must *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

4. To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed. *Id.* at 678 (citations and internal quotation marks omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("[A] complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts.") (emphasis supplied). The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*. *See generally Erickson v. Pardus*, 551 U.S. 89 (2007).

3

5. It appears that Plaintiff intends to sue the warden in his official capacity. Plaintiff has not alleged any specific facts as against the warden. The Court must determine whether the complaint is seeking to sue Ellis in his individual and/or official capacity. This determination will affect the analysis of whether plaintiff has stated a claim upon which relief can be granted. As the United States Supreme Court has explained:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *See, e.g.*, *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).

6. In this case, it appears that Plaintiff is attempting to assert his claim against Ellis in his official capacity. Plaintiff does not allege any specific facts indicating action on the part of Ellis but rather appears to have named Ellis as a defendant based on the allegation that the attack upon Plaintiff was a result a practice and policy maintained by the prison's administration. As such, plaintiff may be attempting to assert a claim against Taylor in his official capacity. *See Whiting v. Bonazza*, 545 F. App'x 126, 131 (3d Cir. 2013) (per curiam) ("[M]unicipal liability under § 1983 arises only when a constitutional deprivation results from an official custom or policy.") (citing *Monell*, 436 U.S. at 691); *see also Duran v. Merline*, 923 F. Supp. 2d 702, 713 (D.N.J. 2013) ("The operative Complaint challenges the long-standing conditions of confinement as the [Atlantic City Justice Facility] which, as discussed below, suggest a custom, for which Defendant Merline may be liable in his official capacity as warden.") (citations omitted).

7. Here, Plaintiff has failed to establish liability on behalf of the warden either in his official or individual capacity sufficient to allow the claim to proceed. He has not alleged facts to indicate that Ellis either individually was involved with the incident or was responsible for establishing any practices or policies on behalf of the administration which led to Plaintiff's

4

alleged harm. As to Plaintiff's claims brought against Warden Charles Ellis, he has not pled sufficiently to establish a cause of action.

8. Plaintiff only names the warden as a defendant; however, to the extent that Plaintiff also intends to assert a failure to protect claim against Correctional Officer Shabazz, Plaintiff has failed to establish grounds sufficient to allege a constitutional violation.

9. Under the Eighth Amendment, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

10. To successfully state a claim for failure to protect, Plaintiff must allege facts showing (1) he is "incarcerated under conditions posing a substantial risk of harm"; and (2) the prison official has a "sufficiently culpable state of mind" that amounts to "deliberate indifference to inmate health or safety." *See Farmer*, 511 U.S. at 834, 837, cited in *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir.2012). To determine whether officials operated with deliberate indifference, courts question whether they consciously knew of and disregarded an excessive risk to the prisoner's well-being. *Farmer*, 511 U.S. at 840–44; *Hamilton v. Leavy*, 117 F.3d 742, 747 (3d Cir.1997). Not only must a prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but the official "must also draw the inference." *Farmer*, 511 U.S. at 837; *Wallace v. Doe*, 512 F. App'x 141, 144 (3d Cir.2013). "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers–Capitol v. Whetzel*, 256 F.3d

5

120, 133 (3d Cir.2001); *Jones v. Day*, Civil No. 03–1585, 2007 WL 30195, *3 (W.D.Pa. Jan. 4, 2007) ("[i]t is not an objective test for deliberate indifference; rather, the court must look to what the prison official actually knew, rather than what a reasonable official in his position should have known"). *See also Jones v. Beard*, 145 F. App'x 743, 745 (3d Cir.2005).

11. Here, the factual allegations in the Complaint fail to state a claim because Plaintiff has not shown deliberate indifference. Accordingly, this action is dismissed for failure to state a cognizable claim for relief under § 1983.

12. Thus, for the reasons set forth above, Plaintiff's complaint will be dismissed. An appropriate order follows.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

DATED: September 15, 2014